## PHILADELPHIA NOVELTY MANUF'G CO. *v.* BLAKESLEY NOVELTY CO.

### (*Circuit Court, D. Connecticut.* February 1, 1889.)

TRADE-MARKS—INFRINGEMENT.

   Plaintiff places its hair-crimpers in a bright red box, having a white label with a black border, and on the label the words, "Madame Louie Common Sense Hair Crimpers. Patented August 5, 1879,"—form a column of four lines above the representation of the head and bust of a woman with curled hair, below which are the words "Friseur Renommee. To hide the crimper, in doing up the hair, turn the ends under." Defendant's hair-crimpers are placed in a bright red box, on which is a white label, bearing the words "The Langtry, Elegantes," in a column of two lines above the representation of the head of a woman with curled hair, at one side of which are the words "One Gross," and at the other side the words "No. 1. Black," and below which are the words "Hair Crimpers." The use of the representation of the woman's head

by defendant's predecessor antedated that by plaintiff's predecessor. *Held,* that there was no such imitation as would authorize a preliminary injunction.

In Equity. On motion for a preliminary injunction.

Bill by the Philadelphia Novelty Manufacturing Company against the Blakesley Novelty Company for the infringement of a trade-mark.

*Joshua Pusey,* for plaintiff.

*John J. Jennings,* for defendant.

SHIPMAN, J. This is a motion for a preliminary injunction in a trade-mark case. The bill alleges that the plaintiff is the manufacturer of hair-crimpers, and is the owner of a distinctive trade-mark, and peculiar manner and style of putting up, marking, and boxing said crimpers, in order to designate its own manufacture, as follows:

The crimpers are put up in packages of one dozen, wrapped in a paper wrapper of a peculiar shade of tan color, and around each of said packages is placed a small rubber ring. One dozen of these packages is placed within a paste-board box of a bright red color on the outside, and white on the inside, and on the lid of the box is pasted a white label with a black border, and, as a distinctive trade-mark, in the center the head of a woman, with hair curled, together with the words, "Madame Louie Common Sense Hair Crimpers," and that the defendant is using said trade-mark and putting up its crimpers in boxes, style, color, and appearance similar to the boxes, packages, wrappers, etc., of the plaintiff, and in imitation thereof, and which are designed to mislead and deceive the public into the belief that the defendant's hair-crimpers are the manufacture of the plaintiff. The defendant's crimpers are put up in packages of a dozen, inclosed in a tan-colored wrapper, and around each of these packages is placed a rubber ring. One dozen of these packages are placed in a paste-board box, of bright red color, and on the lid of the box is a white label containing the following words and design:

The Langtry,
Elegantes.

One Gross. | Head of a woman with curled hair. | No. 1. Black.

Hair Crimpers.

The plaintiff's label contains the following:

Madame Louie
Common Sense
Hair Crimpers.
Patented August 5, 1879.

Head and bust of a woman with curled hair.

Friseur Renommee.

To hide the crimper, in doing up the hair turn the ends under.

The inclosing of each little package in a tan-colored wrapper, surrounded with a rubber ring, is not claimed to be an important part of the alleged trade-mark, as the crimpers are ordinarily sold by the box, or are shown to the purchaser in the box. The bright red color of the box,

with the white label and the woman's head, are claimed to be the distinctive features of the trade-mark. The use, by the defendant's predecessor, of the woman's head antedated its use by the plaintiff's predecessor. The case turns upon the alleged fact of the imitation of the bright red color of the box and of the white label. Upon final hearing, after testimony that purchasers have been deceived, I may come to a different conclusion, but an inspection of the two boxes shows that their appearance with their respective labels is very different. The dissimilarity between the labels, and the difference in the shape of the boxes, as they are presented to the eye, are so great that it does not seem that anybody would mistake one for the other. The motion is denied.